IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JORDAN LEDBETTER and
AARON SMITH, JR.                                                                                    PLAINTIFFS


v.                                            Case No. 4:20-cv-4037


DANIEL "FROG" OLLER of the
City of Hope Police Department in his
individual and official capacities and
THE CITY OF HOPE, ARKANSAS                                                          DEFENDANTS

## ORDER

Before the Court is the City of Hope Police Department's ("HPD") Motion to Dismiss. (ECF No. 10).  Plaintiffs have not responded and their time to do so has passed.  *See* Local Rule 7.2(b).  The Court finds the matter ripe for consideration.

On May 1, 2020, Plaintiffs filed this lawsuit, alleging that their constitutional rights were violated on June 14, 2019, when Defendant Oller, a police officer employed by Defendant City of Hope, Arkansas, entered their home and detained them.  Defendant Oller and other officers allegedly seized several firearms after illegally searching Plaintiffs' home and vehicle, stated that there was a felony warrant for Plaintiff Smith's arrest, and told them that the "one way out of this" was for Plaintiff Smith to participate in a controlled buy of narcotics on behalf of the police, while wearing a microphone and camera.  On July 22, 2020, the HPD filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiffs' claims against the HPD fail and should be dismissed because the HPD is not a legal entity capable of being sued under 42 U.S.C. § 1983.

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The

purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The HPD correctly notes that, under Arkansas law,[1] municipal police departments are not subject to suit under 42 U.S.C. § 1983 because they are merely administrative subdivisions of municipalities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable [under section 1983]. They are simply departments or subdivisions of the City government."). However, the instant motion will not be granted because the HPD is not a party to this action. As reflected in their case caption, Plaintiffs have named two defendants: Defendant Oller, in both his individual and official capacities, and Defendant City of Hope, Arkansas. The "parties" section of Plaintiffs' complaint likewise includes only Defendants Oller and City of Hope, Arkansas. Further, Plaintiffs make no allegations directly related to the HPD that would indicate that it is a defendant to this case. Accordingly, the Court does not see a basis to grant Rule 12(b)(6) dismissal to the HPD because the HPD is already not a party to this case.

For the above-stated reasons, the Court finds that the instant motion to dismiss (ECF No. 10) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 19th day of August, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge

---

[1] The capacity to sue or be sued is determined by the law of the forum state, which is Arkansas in this case. Fed. R. Civ. P. 17(a).

2