IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JORDAN LEDBETTER, *et al*.                                                                    PLAINTIFFS

v.                                            Case No. 4:20-cv-4037

OFFICER DANIEL "FROG" OLLER, *et al*.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment. ECF No. 21. Plaintiffs have not filed a response, and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds this matter ripe for consideration.

### I. BACKGROUND

Prior to June 2019, Special Agent Gary Dorman ("Agent Dorman") with the Hempstead County Sheriff's Office and the Eighth Judicial District North Task Force ("Task Force") received information from a cooperating individual that marijuana was being sold by Plaintiff Aaron Smith ("Smith") in Hope, Arkansas.[1] On June 4, 2019, Agent Dorman and Agent Reyn Brown ("Agent Brown") used the cooperating individual to conduct a controlled purchase of one half ounce of marijuana from Plaintiff Smith at 1604 Shover Road in Hope, Arkansas ("residence"). On June 5, 2019, Agent Dorman and Agent Brown conduced another controlled purchase of one ounce of marijuana from Plaintiff Smith at the same residence.

On June 14, 2019, Agent Dorman executed an affidavit for a narcotics search and seizure warrant for the residence. In the affidavit, Agent Dorman attested that each of the controlled purchases was recorded on video. He further attested that Plaintiff Smith could be clearly identified as the individual who handed the baggies of marijuana to a confidential source and

---

[1] Plaintiffs did not file a Separate Statement of Disputed Facts pursuant to Local Rule 56.1(b). Thus, the facts set forth by Defendants (ECF No. 23) shall be deemed admitted.

then accepted US currency from the confidential source as payment. In the affidavit, Agent Dorman describes the residence as "a yellow, one story wood frame house with a yellow front door on the south side of the residence, a small front porch and a brown shingled roof." On June 14, 2019, Judge W. Randall Wright issued a warrant authorizing the Task Force to search "all grounds, structures, outbuildings, and vehicles located at the described premises."

The Task Force met at the Hope Police Department to conduct a verbal operations plan, which outlined assignments, provided safety information, and developed a specific approach protocol. The Task Force members were Separate Defendant Sergeant Daniel Oller, Agent Dorman, Agent Justin Crane, Agent Brown, and Investigator Jeremy McBride. During the meeting, Defendant Oller advised the Task Force that he had observed Plaintiff Smith carrying a firearm in the past and had responded to 911 calls regarding Plaintiff Smith exhibiting violent and threatening behavior while reportedly carrying a firearm. Based on this information, the Task Force planned to send one officer to the residence in an attempt to lure and detain Plaintiff Smith outside of the residence to reduce the chance of violence.

On June 14, 2019, at approximately 12:02 p.m., Defendant Oller arrived at the residence in a marked police vehicle and police uniform and knocked on the front door. Plaintiff Jordan Ledbetter answered the door. Defendant Oller asked if Plaintiff Smith was at the residence and Plaintiff Ledbetter stated that he was. Defendant Oller then saw Plaintiff Smith and asked him to exit the residence. Defendant Oller told Plaintiff Smith that he was under arrest for misdemeanor battery, signaled the Task Force to execute the search warrant, and placed Plaintiff Smith in handcuffs.

Agent Dorman then advised Plaintiffs that he had a search and seizure warrant for the residence. Defendant Oller conducted a preliminary protective sweep of the residence and found

a firearm on top of a dresser in a bedroom. Plaintiffs were detained in the living room while the Task Force searched the premises.

As a result of the search, Investigator McBride seized one ounce of marijuana contained in a blue and white ice chest, numerous plastic baggies, one set of black digital scales on the kitchen counter, one loaded JA 9-millimeter semiautomatic pistol on top of the dresser in the northwest bedroom, and two 12-gauge shotguns stored in black cases on the floor of the southwest bedroom. Additionally, Investigator McBride seized a loaded Smith and Wesson 9-millimeter semi-automatic pistol found in the glovebox of Plaintiff Smith's truck, which was approximately 30-40 feet from the back entrance of the residence.

After the search, Agent Dorman read Plaintiff Smith his Miranda rights. Agent Dorman then offered Plaintiff Smith the opportunity to work with the Task Force as a confidential informant ("CI") to reduce the charges against him. Agent Dorman gave Plaintiff Smith two weeks to consider the CI offer and contact Agent Dorman with a decision. Before this conversation, Defendant Oller turned off his body camera in order to protect the potential CI. Plaintiff Smith did not contact any of the Task Force members to accept this offer.

Investigator McBride transported all of the above-mentioned seized items to the Hempstead County Sheriff's Office where he conducted an inventory in the presence of Agent Dorman and Agent Crane. The Hempstead County Sheriff's Office was ordered by Judge Culpepper to relinquish possession and control of the firearms to Plaintiff Ledbetter upon receipt of proof of ownership.

On June 26, 2019, Agent Dorman executed an Affidavit for Warrant of Arrest for Plaintiffs Aaron Smith Jr. and Jordan Ledbetter based on the items found and seized during the execution of the search and seizure warrant. That same day, Judge Wright issued a Felony

Warrant of Arrest for Plaintiff Smith based on Agent Dorman's sworn affidavit. On June 28, 2019, Judge Wright issued a Felony Warrant of Arrest for Plaintiff Ledbetter based on Agent Dorman's sworn affidavit. That same day, Officer Malone with the Hempstead County Sheriff's Office arrested Plaintiff Smith pursuant to the arrest warrant, and Officer Beccera with the Hempstead County Sheriff's Office arrested Plaintiff Ledbetter pursuant to the arrest warrant.

On May 1, 2020, Plaintiffs filed their complaint alleging that their constitutional rights were violated when Defendant Oller, a police officer employed by Defendant City of Hope, entered their home and detained them. Defendant Oller allegedly seized several firearms after illegally searching Plaintiffs' home and vehicle. On July 20, 2021, Defendants filed a Motion for Summary Judgment. ECF No. 21. On August 5, 2021, the Court issued a Show Cause Order instructing Plaintiffs to respond to Defendants' motion. ECF No. 25. As of the date of this order, Plaintiffs have not filed a response to Defendants' motion.

## II. LEGAL STANDARD

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

Plaintiffs bring a claim against Defendants for violation of their Fourth Amendment rights.[2] Plaintiffs bring this claim against Defendant Oller in his individual and official capacity.

**A. Individual Capacity**

Plaintiffs claim that the search and seizure conducted by the Task Force violated their Fourth Amendment rights. Defendant Oller asserts that he is entitled to summary judgment on these claims because he is entitled to qualified immunity.

Qualified immunity shields a government official from liability and the burdens of litigation unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Truong v. Hassan*, 829 F.3d 627, 630 (8th Cir. 2016) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Evaluating whether a government official is entitled to qualified immunity requires a two-step inquiry: (1) whether the

---

[2] Plaintiffs do not explicitly state that their claim is a violation of their Fourth Amendment rights pursuant to 42 U.S.C. § 1983, but the Court interprets their claim as such as Plaintiffs allege that an unlawful search and seizure occurred.

facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Unless the answer to both of these questions is yes, the defendants are entitled to qualified immunity. *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1008 (8th Cir. 2017) (quoting *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009)). Qualified immunity is a legal question for the court, not the jury, to decide in the first instance based either on the allegations or, if material facts are in dispute, on the facts found by the jury. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir.2012). *See also Littrell v. Franklin*, 388 F.3d 578, 584-85 (8th Cir.2004).

Plaintiffs allege that Defendant Oller unlawfully detained them, searched their home, and seized their property. The Fourth Amendment to the Constitution protects the right of people to be "secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV.

Defendants argue that they are entitled to qualified immunity because search and seizure were supported by probable cause, meaning that "the totality of the circumstances at the time of the arrest [were] sufficient to lead a reasonable person to believe that [Plaintiffs] [had] committed . . . an offense." *Hoyland v. McMenomy*, 869 F.3d 644, 652 (8th Cir. 2017) (internal quotation marks omitted).

"Public officials are immune from suit under 42 U.S.C. § 1983 unless they have 'violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'" *City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014)) (internal quotation marks omitted). In determining whether Plaintiff's constitutional right was clearly established at the

time of Defendants' alleged misconduct, the Court looks to the objective legal reasonableness of the defendants' actions, assessed in light of the legal rules that were clearly established at the time it was taken. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1155 (8th Cir. 2014) (citing *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). A constitutional or statutory right is clearly established if "[t]he contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. at 640. In order to overcome qualified immunity, Plaintiff must prove "in the light of pre-existing law the unlawfulness [of Defendants' conduct was] apparent. *Id*. A legal principle must have a sufficiently clear foundation in then-existing precedent. *Johnson v. City of Minneapolis*, 901 F.3d 963, 971 (8th Cir. 2018)(quoting *District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018)). Accordingly, "qualified immunity protects officials who make bad guesses in gray areas" and "gives them breathing room to make reasonable but mistaken judgments." *Id.* (citing *Littrell v. Franklin*, 388 F.3d 578, 582 (8th Cir. 2004)); *Blazek v. City of Iowa City*, 761 F.3d 920, 922 (8th Cir. 2014)).

The Task Force obtained a search warrant reasonably based on the two controlled buys conducted on June 4, 2019, and June 5, 2019. The Task Force then executed that search warrant and Defendant Oller detained Plaintiffs while the Task Force searched the residence. Plaintiffs have not shown any unreasonable conduct by Defendant Oller during this search. Based on the record, Defendant Oller detained Plaintiffs while conducting a security sweep of the residence. Further, the items seized were items related to the sale of marijuana as authorized by the search warrant and all firearms that were lawfully owned by Plaintiffs were returned upon demonstration of proof of ownership. The record does not show that Defendant Oller acted unreasonably at any time.

Accordingly, Plaintiffs' Fourth Amendment right against unreasonable searches and seizures was not violated when Defendant Oller detained them, and thus Defendant Oller is entitled to qualified immunity. Accordingly, Defendant Oller is entitled to summary judgment in regard to this individual capacity claim.

### B. Official Capacity

Plaintiffs also bring a claim against Defendant Oller in his official capacity. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff brings this claim against Defendant Oller who was employed by the Hope Police Department at the time of the alleged incident. Thus, Plaintiff's official capacity claim is against the City of Hope.

When a plaintiff can point to a municipal policy that either "violates federal law, or directs an employee to do so," "no evidence is needed other than a statement of the municipal policy and its exercise" to establish a constitutional violation. *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (*citing Szabla v. City of Brooklyn Park Minn.*, 486 F.3d 385, 389-90 (8th Cir. 2007)). However, when a plaintiff alleges an unwritten or unofficial policy, there must be "evidence of . . . a practice, so permanent and well-settled so as to constitute a custom, that existed." *Id*. (*citing Davison v. City of Minneapolis*, 490 F.3d 648, 659 (8th Cir. 2007)). To establish a claim for "custom" liability, Plaintiff must demonstrate: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation. *Snider v. City of Cape*

*Girardeau*, 752 F.3d 1149, 1160 (8th Cir.2014) (*citing Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3s 825, 828 (8th Cir.2013)).

In the present case, Plaintiffs do not point to a formal, written policy or an informal, unwritten policy adopted by the City of Hope. Based on the record, there is no evidence of any pattern of unconstitutional misconduct by the City of Hope's employees, deliberate indifference to such conduct, or evidence that Plaintiffs were injured because of any custom behind a constitutional violation. Accordingly, the City of Hope is entitled to summary judgment regarding this official capacity claim.

## IV. CONCLUSION

For reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 21) is **GRANTED**, and Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of September, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge